Jeffrey Weston Shields (USB # 2948)
Troy J. Aramburu (USB # 10444)
Melissa A. Clark (USB # 11271)
**JONES WALDO HOLBROOK & MCDONOUGH, PC**
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801) 521-3200

Attorneys for *Jones Waldo Holbrook & McDonough, Creditor*

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **AMERICAN INSTITUTIONAL PARTNERS, LLC**, | : | Case No. 09-25375 |
| | : | |
| | : | Honorable Judith A. Boulden |
| Debtor(s). | : | |

### JOINDER OF UNSECURED CREDITOR JONES, WALDO, HOLBROOK & McDONOUGH, P.C. IN MOTION OF FAIRSTAR RESOURCES LIMITED TO APPOINT CHAPTER 11 TRUSTEE

Unsecured creditor, Jones Waldo Holbrook & McDonough, P.C. ("**JWHM**"), by and through one of its attorneys, Jeffrey W. Shields, Esq., respectfully joins in the Motion of Fairstar Resources Limited for appointment of a Chapter 11 Trustee (Dkt. Nos. 30, 31 and 35) ("**Fairstar Trustee Motion**").

901071.1

STATEMENT OF FACTS

1. For a period of time, pre-petition, JWHM represented Debtor American Institutional Partners, LLC ("**AIP**" or "**Debtor**") and certain of its principals and related companies in certain litigation.

2. Pre-petition, AIP, jointly and severely with AIP principal Mark Robbins and others, incurred unpaid attorneys' fees and costs under the terms of the JWHM Engagement Agreement in excess of $500,000.00.

3. JWHM properly withdrew from all of the cases and matters in which it was representing AIP or any of its principals or related companies.

4. Shortly after AIP's petition was filed, JWHM responded to the request of the U.S. Trustee for interest in serving on a committee of unsecured creditors. JWHM remains willing to serve on a committee, even as the chair.

5. The Section 341 meeting was held in this case on July 2, 2009. A representative of JWHM, Troy J. Aramburu, attended the meeting. It appeared from a review of the Statements and Schedules and the testimony at the 341 meeting (such as it was), that AIP filed the petition to stay actions by a judgment creditor.

6. While Debtor's counsel, Scott T. Blotter, appeared, a principal of AIP did not. Indeed, JWHM's representative recalls that the individual who appeared was unrelated to AIP and had little knowledge of its affairs. The U.S. Trustee deemed this situation to be a failure of the Debtor to appear.

901071.1

7. On July 8, 2009, the U.S. Trustee prepared its recommendation of dismissal under Bankr. D. Utah LBR. 2003-1(a). This Notice was actually filed with the Court on the following day, July 9, 2009.

8. On August 3, 2009, JWHM filed its "Limited Objection of Creditor Jones Waldo Holbrook & McDonough, P.C. to U.S. Trustee's Recommendation of Dismissal" ("**Dismissal Response**") (Dkt. No. 18) in which Jones Waldo requested that the case not be dismissed at this time pending an evaluation of whether the avoidance, investigation and related powers granted to creditors under the Bankruptcy Code and to the United States Trustee would be useful and in the interest of unsecured creditors in this particular action.

9. The United States Trustee filed his "United States Trustee Objection to Dismissal Pursuant to Local Rule 2003-1 (a)" ("**UST Objection**") (Dkt. No. 17) wherein the U.S. Trustee, in light of objections to the recommendation of dismissal, agrees to leave the matter in Chapter 11 for the time being to conduct a further investigation.

10. The UST Objection notes, however, that he has had a difficult time meeting with the Debtors' qualified representatives for an initial interview and holding a Section 341 Meeting where a proper representative of the Debtor appears. *See* Dkt. 17, p. 2, ¶ 6.

11. JWHM has likewise reached out to the Debtor through its attorney, Douglas Short, attempting to meet with Mr. Robbins and others to discuss the course of the case. No such arrangements have been made.

3

901071.1

12. The Fairstar Trustee Motion accuses the Debtor and its officers of serious misconduct. While JWHM takes no position on proof of such misconduct, it does note that the claims were reduced to judgment and that bench warrants are out for Mr. Robbins, none of which have been returned.

ARGUMENT

13. JWHM's concern with leaving the Debtor as a Debtor-in-Possession is one of not knowing "who is running the store." Mr. Robbins seems intentionally absent, JWHM has had no contact with the Debtor's key officers despite requests, the UST is apparently unable to establish necessary contact with Debtor's officers, and the Fairstar creditors allege very serious prepetition misconduct. Certainly, if the Fairstar creditors prove the allegations in their Motion, one would question the ability of the Debtor's declared officers to lead the Debtor through reorganization.

14. At this time, JWHM, as a large unsecured creditor, believes that the bankruptcy process will secure the most equitable distribution of the Debtor's assets and level the playing field between the unsecured creditors on the one hand, and secured and prepetition judgment creditors who could potentially take all assets, on the other hand. However, an objective review of the Debtor's financial affairs, potential avoidance actions and the like needs to be made. JWHM urges that if the Court does not appoint a Chapter 11 Trustee or convert the case to Chapter 7, that the Court at least appoint an examiner to investigate and report to the Court and creditors concerning the Debtor's financial affairs, the state of its management and other

901071.1

relevant factors. Certainly JWHM would wish that the Debtor could reorganize as a going concern and pay significant dividends to unsecured creditors. However, the lack of communication with creditors, the United States Trustee and the Bankruptcy Court causes significant concern that adequate management and controls are in place to accomplish reorganization and preserve estate assets.

DATED this 31st day of August, 2009.

JONES WALDO HOLBROOK & McDONOUGH PC

By: s/Jeffrey Weston Shields
    Jeffrey Weston Shields
    Troy J. Aramburu
    Melissa A. Clark
    Attorneys for Jones Waldo Holbrook &
      McDonough, PC, Creditor

5

901071.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of August, 2009, I caused a true and correct copy of the foregoing **JOINDER OF UNSECURED CREDITOR JONES, WALDO, HOLBROOK & McDONOUGH, P.C. IN MOTION OF FAIRSTAR RESOURCES LIMITED TO APPOINT CHAPTER 11 TRUSTEE** to be sent in the manner indicated below:

Scott T. Blotter (via ECF)
Douglas R. Short (via ECF)
Keith Barton & Associates
859 West South Jordan Parkway
Suite 200
South Jordan, UT  84095-3509

John T. Morgan (via ECF)
United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT  84111

Mark H. Robbins (via First Class Mail)
155 North 400 West, Suite 150
Salt Lake City, UT  84111

Michael L. Peterson (via First Class Mail)
17 Canary Court
Danville, CA  94526

Rodney Rasmussen (Via First Class Mail)
2149 S. 2200 E.
Salt Lake City, UT  84109

Darl McBride (Via First Class Mail)
355 South 520 West, Suite 100
Lindon, UT  84042

Ron Andreason(Via ECF)
Robert Prince (via ECF)
Kirton & McConkie
60 E. So. Temple, #1800
Salt Lake City, UT  84111

s/Jeffrey Weston Shields

6

901071.1